IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:08-cr-00071-03-JWS-JDR |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| STEVEN MICHAEL ROBERTS, | ) | |
| Defendant. | ) | |

At docket 13, pursuant to 18 U.S.C. § 3145, plaintiff United States has appealed the order in Case Number 08-MJ-469, issued by Magistrate Judge Dennis J. Hubel on July 8, 2008, in the District of Oregon, regarding conditions of release of the defendant in the above-captioned case. The court has considered the appeal and now provides its decision and order.

Defendant Roberts is charged with being a participant in an international marijuana distribution conspiracy involving 1,000 kilograms or more of marijuana. The crime charged is a violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

Those convicted of such a crime are subject to a mandatory minimum sentence of ten years in prison.

When a person charged with a crime of the type charged against Roberts appears before a judicial officer, a rebuttable presumption that he should be detained pending trial attaches pursuant to 18 U.S.C. § 3142(e) and (f)(1). To avoid detention pursuant to the presumption, the person charged must present some credible evidence that he will not flee and that he is not a danger to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986). Based on the record presented in the plaintiff's motion, which depends on the accuracy of the reports of what transpired before the magistrate judge, the magistrate judge heard no evidence, but did accept defense counsel's offer of proof that Roberts has significant ties to both Alaska and Washington. At most, such evidence might rebut the presumption of flight, although based on this court's assessment of the overall situation it does not. Moreover, the offer of proof did not even address the question of Roberts danger to the community.

According to the information available to this court, the magistrate judge "did not take note of the serious allegations in the indictment involving the defendant." Doc. 13 at p. 6. Furthermore, as the record has been explained to this court, the magistrate judge did not consider requiring a third-party custodian, even when confronted with the fact that defendant is a regular user of marijuana. Roberts was

2

Case 3:08-cr-00071-JWS   Document 16   Filed 07/08/08   Page 2 of 5

released on his own recognizance in Oregon with an order that he thereafter appear in Alaska.

According to § 3582, when making a determination whether or not to detain a defendant, the court must consider several factors. The first is the nature and circumstances of the offense charged. Here, the offense is a conspiracy involving seven individuals who transported both large quantities of marijuana and ecstasy from Canada to Anchorage, Alaska. It is charged that the conspirators used intimidation to protect their operations. The quantity of drugs involved was sufficient to render the crime subject to the mandatory ten year minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A). The conspiracy involved multiple crossings of the international border between Alaska and Canada. According to the indictment, Roberts himself made 17 border crossings. Cash proceeds appear to have been in the hundreds of thousands of dollars. Money laundering was undertaken to avoid detection of illegal drug proceeds. The conspiracy is charged to have been in operation for approximately seven years. Roberts is charged with participating in a marijuana grow with a co-conspirator who was later murdered. According to the government's motion this murder has not been solved. In sum, the crime charged is a conspiracy which involves illegal controlled substances and which operated in an environment

that included acts of intimidation possibly as serious as the commission of a murder.

The next factor to consider is the weight of the evidence against the person. While the United States has yet to be put to its burden of proving the facts, the highly detailed nature of Roberts' actions described in the indictment convinces this court that for purposes of this appeal at least, it must be concluded that substantial evidence against Roberts exists.

Next, the court should consider the history and characteristics of the defendant. At this juncture, the record has been poorly developed, but it appears that defendant is not currently a resident of the district in which these serious charges are pending. It also appears that he is a daily user of marijuana.

Finally, the court must consider the nature and seriousness of the danger Roberts poses to any other person or the community. Again, the record is far from complete, but what is available supports the proposition that Roberts is a dangerous person, because he is charged with being involved in a conspiracy which indulged acts of intimidation.

Here, the record developed to date before the magistrate judge is insufficient to persuade this court that the conditions imposed by the magistrate judge–essentially no conditions except that the defendant shall refrain from smoking marijuana and

transport himself to Alaska–are sufficient to assure Roberts' appearance and the safety of the community. It follows that the appeal will be granted. That way the question of whether there are conditions pursuant to which Roberts should be released can be pursued in more depth by a magistrate judge in the district where Roberts' crime was allegedly committed.

FOR THE REASONS ABOVE, IT IS ORDERED that the release order of the Magistrate Judge, dated July 8, 2008, which has been stayed until July 9, 2008, at 1:30 pm, is hereby rescinded. It is FURTHER ORDERED that the defendant remain in the custody of the United States Marshals, and if he has already been released, remand himself into the custody of the United States Marshals. The United States Marshals shall then transport the defendant forthwith to the District of Alaska for further proceedings in the above-captioned case. Upon return to Alaska, the defendant may reopen the issue of detention before a magistrate judge in this District.

Date: July 8, 2008         /s/ JOHN W. SEDWICK
                           UNITED STATES DISTRICT JUDGE